UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| SASHA HORNE | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. _____ |
| v. | ) |
| | ) |
| CTG, INC. | ) |
| | ) JURY TRIAL DEMAND |
| SERVE: | ) |
| Audra Frizzell, Registered Agent | ) |
| 12110 Sunset Hills Road, Suite 600 | ) |
| Reston, Virginia 20190 | ) |
| | ) |
| Defendant. | ) |
| | ) |

## COMPLAINT

Plaintiff Sasha Horne ("Plaintiff" or "Ms. Horne"), by and through her counsel, submits this Complaint against Defendant CTG, Inc. ("Defendant" or "CTG") and alleges as follows:

## NATURE OF ACTION

1. This is an action for damages under the Americans with Disabilities Act Amendments Act of 2008, 42 U.S.C. § 12101, *et seq.* ("ADAAA") and the Virginia Human Rights Act, Va. Code § 2.2-3900, *et seq.* ("VHRA") stemming from Defendant's failure to accommodate Ms. Horne, a qualified individual with a disability. Ms. Horne also seeks relief for retaliation in violation of the ADAAA as Defendant terminated Ms. Horne's employment less than a day after she submitted a request for reasonable accommodation.

## PARTIES

2. Ms. Horne is a disabled individual who resides in the Commonwealth of Virginia.

1

3. Ms. Horne is a member of a protected class based on her disability.

4. Ms. Horne is a veteran and suffers from Post-Traumatic Stress Disorder ("PTSD") arising from her service.

5. In or around December 2021, Ms. Horne contracted COVID-19 and fell ill.

6. In the weeks that followed, Ms. Horne continued to experience significant symptoms that included extreme fatigue, confusion, and brain fog.

7. Ms. Horne's medical providers expressed concern that Ms. Horne's symptoms were evidence of long-term COVID that would require additional medical care and treatment.

8. Defendant CTG is a Virginia corporation that provides technology and management consulting services to the federal government. Its principal office is located at 12110 Sunset Hills Road, Suite 600, Reston, Virginia 20190.

## JURISDICTION AND VENUE

9. This Court has federal question jurisdiction over the subject matter of this complaint pursuant to 28 U.S.C. § 1331, because this is a civil action arising under the laws of the United States, specifically the ADAAA.

10. This Court has supplemental jurisdiction over the state law claims set forth in this complaint pursuant to 28 U.S.C. § 1367.

11. Defendant is subject to personal jurisdiction of the Court because it regularly conducts business within this judicial district.

12. Venue is proper in the United States District Court for the Eastern District of Virginia pursuant to 28 U.S.C. §1391.

**FACTUAL ALLEGATIONS**

13. Ms. Horne began work for CTG in or around December 2019.

14. CTG hired Ms. Horne to serve in the role of Communications Specialist in support of its contract with the Federal Aviation Administration ("FAA").

15. CTG promoted Ms. Horne to the position of Lead Communications Specialist in July 2021 and gave Ms. Horne a positive performance evaluation in November 2021.

16. On or about December 28, 2021, Ms. Horne discovered she had COVID-19 and took a leave of absence from work due to her illness.

17. From the start of her leave, Ms. Horne communicated with Danny Glover ("Glover"), team lead on the contract, and CTG Human Resources employee Michele Holt ("Holt") to provide updates and documentation of her illness as requested.

18. On January 10, 2022, Ms. Horne informed Glover that she continued to experience symptoms of illness and intended to speak to CTG Human Resources to request a modified schedule as a reasonable accommodation.

19. During a medical appointment on that same date, a physician wrote Ms. Horne a letter requesting her leave from work be extended until January 18, 2022, and possibly later, dependent on additional evaluation of her symptoms to follow.

20. Ms. Horne continued to communicate with her primary care physician as well as her psychologist to determine whether her symptoms, which included extreme fatigue and brain fog, were related to her diagnosed PTSD or other complications arising from her recent illness.

21. On or about January 12, 2022, Ms. Horne emailed her psychologist at the Washington VA Medical Center to discuss a request for accommodation related both to her

continued COVID symptoms as well as her desire to seek treatment through the Trauma Services Program to address her symptoms related to PTSD.

22. Between January 10, 2022 and January 20, 2022, Ms. Horne continued to communicate with Holt and Glover about her illness, her need for leave, and the options available to her if she continued to remain ill.

23. On January 18, 2022, Ms. Horne attended a medical appointment with her primary care physician. Ms. Horne's physician referred her for lab work and discussed referral to an infectious disease specialist to determine if her continued symptoms were related to Post-COVID syndrome.

24. On or about January 20, 2022, Glover informed Ms. Horne that CTG needed an update and an extension of the work excuse letter from her doctor that included a certain return-to-work date. Glover requested this information be provided no later than Monday, January 24, 2022.

25. Ms. Horne responded to Glover's request on January 21, 2022 and informed him she had a medical appointment the following week wherein she expected to obtain more definitive information about her ability to return to work. Ms. Horne promised to provide Glover with an update that included the information he requested as soon as possible.

26. On or about January 24, 2022, Ms. Horne emailed Holt and Glover a written request for accommodation, attached hereto as Exhibit A.

27. Ms. Horne's request for accommodation listed the symptoms from which she continued to suffer and the impact they had on her ability to complete the entirety of her work duties full-time. Ex. A.

28. Ms. Horne's symptoms, whether related to PTSD or an ongoing condition that arose following her COVID-19 illness, substantially limited her ability to perform the major life activities of concentrating, sleeping, eating, and thinking and affected the operation of her major bodily functions, including the function of her neurological system and brain.

29. Ms. Horne's request for accommodation from CTG sought a leave of absence until May 1, 2022 for purposes of receiving medical treatment. Ex. A.

30. Ms. Horne's request ended with the following:

> Please let me know if you require additional medical documentation of my condition, or if you wish to propose alternative accommodations to those I have requested. I am ready and willing to engage in the interactive process with you so that I may continue my employment.

Ex. A.

31. Glover confirmed CTG's receipt of her request for accommodation in the afternoon of Tuesday, January 25, 2022.

32. Holt emailed Ms. Horne late on Tuesday, January 25, 2022 to inform Ms. Horne that her employment had been terminated, effective immediately.

33. CTG did not respond to Ms. Horne's request for accommodation prior to terminating her employment.

34. Ms. Horne had a medical appointment confirmed with her primary care physician for January 26, 2022 at 12:30pm.

*Exhaustion of Administrative Remedies*

35. On or about October 23, 2022, Ms. Horne timely filed a charge of discrimination against Defendant based on disability and retaliation for her request for accommodation with the United States Equal Opportunity Commission ("EEOC").

36. The EEOC issued Ms. Horne a Notice of Right to Sue in this matter on October 20, 2023.

37. Plaintiff has exhausted her administrative remedies as required by 42 U.S.C. § 2000e, et seq.

38. This matter is timely filed within ninety (90) days of Plaintiff's receipt of her Notice of Right to Sue as to CTG from the EEOC.

**COUNT I**
**Disability Discrimination in Violation of the ADAAA**
**Failure to Accommodate**
**42 U.S.C. § 12101, *et seq.***

39. Ms. Horne re-alleges and reasserts each and every allegation set forth above, as if each were set forth herein.

40. Ms. Horne is a qualified individual with a disability.

41. Ms. Horne submitted a request for accommodation and expressed her desire to engage in an interactive process with CTG in the event the company could not provide the specific accommodation she requested – unpaid leave for a period of approximately three (3) months.

42. CTG received Ms. Horne's request for accommodation on January 25, 2022 and terminated Ms. Horne's employment on that same date.

43. CTG did not attempt to discuss Ms. Horne's request for accommodation with her or try to determine if an alternative accommodation could be provided.

44. As a direct and proximate result of CTG's failure to accommodate Ms. Horne, she has suffered emotional and mental distress, anguish, and indignation. Plaintiff is thereby entitled to general and compensatory damages in an amount to be proven at trial.

45. As a direct and proximate result of Defendant's acts and conduct, as alleged herein, Ms. Horne has suffered loss of earnings and related employment benefits in an amount to be proven at trial.

**COUNT II**
**Retaliation in Violation of the ADAAA**
**42 U.S.C. §12101, *et seq.***

46. Ms. Horne re-alleges and reasserts each and every allegation set forth above, as if each were set forth herein.

47. The ADAAA prohibits retaliation against an employee who requests a reasonable accommodation from their employer.

48. CTG received a request for accommodation from Ms. Horne on January 25, 2022 and terminated her employment later that same day.

49. CTG retaliated against Ms. Horne for requesting an accommodation by immediately terminating her employment.

50. But for Ms. Horne's request for accommodation, CTG would not have terminated her employment.

51. CTG had promoted Ms. Horne just six-months prior to her termination and provided her a positive performance evaluation in November 2021.

52. As a direct and proximate result of Defendant's the willful, knowing, and intentional retaliation against Ms. Horne, she has suffered emotional and mental distress, anguish, and indignation. Plaintiff is thereby entitled to general and compensatory damages in an amount to be proven at trial.

53. As a direct and proximate result of Defendant's acts and conduct, as alleged herein, Ms. Horne has suffered loss of earnings and related employment benefits in an amount to be proven at trial.

## COUNT III
### Failure to Accommodate a Known Disability Under the VHRA
### Va. Code § 2.2-3905.1 and § 2.2-3908

54. Ms. Horne re-alleges and reasserts each and every allegation set forth above, as if each were set forth herein.

55. At all times material hereto, Ms. Horne was an individual with a disability within the meaning of the VHRA.

56. Ms. Horne submitted a request for accommodation and expressed her desire to engage in an interactive process with CTG in the event the company could not provide the specific accommodation she requested – unpaid leave for a period of approximately three (3) months.

57. CTG received Ms. Horne's request for accommodation on January 25, 2022 and terminated Ms. Horne's employment on that same date.

58. CTG did not attempt to discuss Ms. Horne's request for accommodation with her or try to determine if an alternative accommodation could be provided.

59. As a direct and proximate result of CTG's discriminatory acts, Ms. Horne has suffered and will continue to suffer pecuniary loss, mental anguish, pain and suffering, and other non-pecuniary loss.

60. Defendant acted with malice or with reckless indifference to Ms. Horne's protected rights so as to support an award of punitive damages.

61. Defendant acted with malice or with reckless indifference to Ms. Horne's protected rights so as to support an award of punitive damages.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Sasha Horne requests that this Court enter judgment in her favor, against CTG, Inc. as to her Complaint and further:

(a) Award Ms. Horne compensatory damages, plus past and future pecuniary damages on each of the above-stated Counts in an amount that can only be determined at trial;

(b) Award Ms. Horne punitive damages not to exceed $350,000.00 arising from each of the above-stated Counts;

(c) Award attorneys' fees, costs, expenses, pre- and post-judgment interest incurred by Plaintiff in this action to the extent permitted by law; and

(d) Award any further relief this Court deems just and appropriate under the circumstances.

**JURY DEMAND**

**PLAINTIFF SASHA HORNE HEREBY REQUESTS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.**

Dated: January 16, 2024

                                                                                      /s/  
Joshua Erlich, VA Bar No. 81298  
Katherine Herrmann, VA Bar No. 83203  
The Erlich Law Office, PLLC  
2111 Wilson Blvd.  
Suite 700  
Arlington, VA  22201  
Tel:     (703) 791-9087  
Fax:    (703) 722-8114  
Email: jerlich@erlichlawoffice.com  
          kherrmann@erlichlawoffice.com